UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-277-FDW
(3:07-cr-61-FDW-1)

| | |
|---|---|
| ROSCOE ABELL, )<br>)<br>)<br>Petitioner, )<br>)<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 8).

I.     BACKGROUND

Petitioner Roscoe Abell was a leader of the Hidden Valley Kings, a gang that conspired to distribute crack cocaine, cocaine, marijuana, and MDMA/Ecstasy in the Hidden Valley residential community of Charlotte, North Carolina. See (Criminal Case No. 3:07cr61, Doc. No. 355 at ¶ 8: Presentence Investigation Report). Based on Petitioner's involvement and leadership within the conspiracy, a federal grand jury charged Petitioner as the first-named defendant, along with nineteen others, with conspiracy to distribute at least 50 grams or more of crack cocaine, 500 grams or more of cocaine, a detectable amount of marijuana, and a detectable amount of MDMA/Ecstasy, in violation of 21 U.S.C. § 846 (Count One); and two counts of distribution of a

1

detectable amount of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Sixteen and Seventeen). (Id., Doc. No. 140: Indictment). Pursuant to 21 U.S.C. § 851, the Government filed an information noticing Petitioner's prior conviction in Gaston County for "felony sell or deliver cocaine," for which he received a term of imprisonment, according to the PSR, of three years of imprisonment, which was suspended. See (Id., Doc. No. 24: Information to Establish Prior Conviction; Doc. No. 355 at ¶ 38). Petitioner subsequently pled guilty, without the benefit of a plea agreement, to the three counts charged against him in the indictment. See (Id., Doc. No. 339: Acceptance and Entry of Guilty Plea).

A probation officer prepared a presentence investigation report ("PSR"), describing Petitioner's offense conduct, calculating Petitioner's offense level, and summarizing Petitioner's criminal history. The probation officer recommended that Petitioner be held responsible for 150.58 grams of crack cocaine and three grams of powder cocaine, yielding a base offense level of 32. (Id., Doc. No. 355 at ¶ 25). The probation officer also recommended that Petitioner receive a two-level enhancement for possession of a firearm during the offense, a four-level enhancement for his leadership role, and a three-level reduction for acceptance of responsibility, for a total offense level of 35. (Id. at ¶¶ 25-33). Combined with his criminal history category V, Petitioner faced an advisory guideline range of 262 to 327 months. (Id. at ¶ 74). He also faced a statutory minimum sentence of not less than twenty years for the conspiracy offense. [Id. at ¶ 73]. Petitioner objected to numerous aspects of the PSR, including the statutory minimum and maximum sentences, the drug amount, the firearm enhancement, the leadership enhancement, and the use of the enhancing § 851 conviction on the grounds that he was a juvenile. [Id. at pages 25-29: Addendum to PSR, Objections].

At the sentencing hearing, the Court accepted the parties' joint recommendation that the

drug amount for which Petitioner was responsible was at least 50 grams but less than 150 grams of cocaine base, yielding a base offense level of 30.  See (Id., Doc. No. 389 at 4: Statement of Reasons).  The Court also accepted the Government's motion to withdraw the two-level firearm enhancement, reducing the total offense level to 31, which, when combined with Petitioner's criminal history category V, yielded a guideline range of imprisonment of 169 to 210 months, though the statutory minimum remained 20 years.  (Id.).  This Court subsequently sentenced Petitioner to 240 months of imprisonment on Counts One and Sixteen, to run concurrently, and to 120 months of imprisonment on Count Seventeen, also running concurrently.  (Id., Doc. No. 388: Judgment).  The Court entered the judgment on January 5, 2009, and Petitioner appealed.

On appeal, Petitioner challenged the constitutionality of 21 U.S.C. § 851, whether the sentence was properly enhanced based on his prior felony drug conviction, and the reasonableness of the sentence imposed.  On November 10, 2010, the Fourth Circuit affirmed the conviction and sentence but remanded for correction of a clerical error in the judgment.  United States v. Abell, 401 F. App'x 751 (4th Cir. 2010).  The Fourth Circuit entered its mandate on December 28, 2010, and this Court entered an amended judgment, correcting the earlier clerical error, on February 17, 2011.  (Criminal Case No. 3:07cr61, Doc. No. 535: Mandate; 537: Amended Judgment).  Petitioner petitioned the Supreme Court for a writ of certiorari, which petition was denied on May 23, 2011.  Abell v. United States, 131 S. Ct. 2915 (2011).

Petitioner filed the pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 2, 2012, within one year of the denial of his petition for certiorari. Petitioner raises four grounds for relief: (1) that the § 851 enhancement should not apply in light of United States v. Simmons, 649 F.3d 238 (4th Cir. 2011), and because he was a juvenile at the time of the commission of that offense; (2) that the four-level leadership enhancement should not

3

apply; (3) that his lawyer was ineffective for never challenging the § 851 enhancement; and (4) that Defendant should receive the benefits of the Fair Sentencing Act even though he was sentenced before enactment.

II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

A. Grounds One and Three: The § 851 Enhancement

Grounds One and Three both relate to use of the 1993 sell/deliver conviction to enhance Petitioner's sentence for his §§ 846 and 841 convictions. The Court agrees with the Government that both of these claims fail. The 1993 conviction is an appropriate qualifying conviction, even after Simmons, because Petitioner received a three-year suspended sentence of imprisonment. Cf. Simmons, 649 F.3d at 247 (holding that a prior offense qualifies as a "felony drug offense" only if that defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act). The fact that Petitioner's three-year sentence was suspended does not render it a non-qualifying, predicate felony under Simmons. See United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished) (rejecting the petitioner's argument that Simmons did not apply to a suspended

4

sentence).  Furthermore, it is irrelevant that Petitioner was fourteen years old when he committed that offense.  See United States v. Robinson, 489 F. App'x 676, 678 (4th Cir. 2012) (rejecting similar argument and citing United States v. Graham, 622 F.3d 445, 457 (6th Cir. 2010)).  Thus, the § 851 enhancement was proper in this case, and Petitioner's counsel was not ineffective for failing to lodge an unmeritorious objection to it.  Moreover, Petitioner raised this same issue on appeal in an Anders brief, and the Fourth Circuit rejected it and his other claims.  See Withrow v. Williams, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (collecting cases applying the bar to relitigation of issues decided on direct appeal); see also United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) (stating that a petition may not "circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion").

      B.      Ground Two:  Leadership Enhancement

In ground two, Petitioner challenges, again, after losing the issue on appeal, application of the four-level enhancement for being a leader of the Hidden Valley Kings.  This claim is dismissed because Petitioner already litigated and lost this issue on appeal, and because alleged errors in the calculations of an advisory guidelines range are not cognizable on collateral attack.  See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999).

      C.  Ground Four:  Application of the FSA to Offenders Sentenced before Enactment

Petitioner also contends that he should retroactively receive the benefits of the Fair Sentencing Act even though he was sentenced before the law's enactment.  In the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which was signed into law on August 3, 2010, Congress increased the quantity of crack cocaine necessary to trigger certain mandatory minimum sentences in § 841.  The Fourth Circuit very recently held that the

FSA does not apply retroactively to defendants who were sentenced before the date of enactment, see United States v. Black, No. 13-6228, 2013 WL 6354142, at **2-3 (4th Cir. Dec. 6, 2013), precluding Petitioner's claim for relief. Moreover, the Supreme Court recognized in Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012), that its holding created a new disparity between pre-FSA offenders who were sentenced before August 3, 2010, and pre-FSA offenders who were sentenced after that date. Dorsey, 132 S. Ct. at 2335. The Court found that these disparities "reflect[ed] a line-drawing effort [that] will exist whenever Congress enacts a new law changing sentences" and that this new disparity "cannot make a critical difference." Id. Based on Black and Dorsey, Petitioner's fourth ground for relief is dismissed.

IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 13, 2013

Frank D. Whitney
Chief United States District Judge